FLETCHER, Judge.
Austin Evans seeks reversal of his conviction and, if unsuccessful in so doing, a remand to the trial court on a sentencing issue. We affirm the conviction, but reverse the sentence and remand for a determination of whether Evans qualifies for sentencing as a prison releasee reoffender.
Evans contends that the trial court erred by allowing into evidence hearsay *955 from a tape of the victim’s 911 telephone call. The State argues that the victim’s hearsay statement was properly admitted into evidence as an excited utterance as defined by section 90.803(2), Florida Statutes (2001).[1] In this regard the trial court noted:
“I remember her [victim’s] testimony very well. I remember her as being in a controlled] panic. And she tried to check the gun to relieve herself of the anxiety that built up about this whole episode. It didn’t give her any relief to find that the thing was loaded. She was going to calm down — she was going to talk herself down, she found a way to calm down if only that gun was unloaded. She checkfed] the gun, found out it was loaded, and then she could not find much in the way of calm time to reflect in my opinion.”
T. 26.
We agree with the trial judge that the hearsay statement qualified for admission as an excited utterance.
Evans also contends that the prosecutor’s hypothetical questions during jury selection were an improper “pre-trying” of the case, thus the panel should have been set aside. We conclude, however, as did the trial judge, that the prosecutor approached the line of pre-trying the case, but did not cross it. The denial of Evan’s motion to strike the panel was not an abuse of the trial judge’s discretion. See Peri v. State, 426 So.2d 1021 (Fla. 3d DCA)(latitude which is given parties in examining prospective jurors is subject to judge’s sound discretion), rev. denied, 436 So.2d 100 (Fla.1983).
Evans also argues that the prosecutor’s closing argument was so improper as to deprive him of a fair trial. Our review indicates to the contrary.
We affirm Evans’ conviction. We do, however, set aside the sentence and remand the case to the trial court in light of the State’s concession that there remains a question as to Evans’ status, i.e., whether he qualifies for sentencing as a prison releasee reoffender.
Affirmed in part; reversed in part; and remanded for resentencing.

. Section 90.803(2), Florida Statutes (2001) reads:
"(2) EXCITED UTTERANCE. — A statement or excited utterance relating to a startling event or condition made while the declar-ant was under the stress of excitement caused by the event or condition.”